"It appeared that the nuisance consisted in the frequent assembling together of persons, white and black, in the day time and the night, on work-days and Sundays, at public and private times, in the town of Smithfield, and drinking and making loud noises by loud talking, cursing, swearing, and quarreling. The disturbances occasionally took place in the shop of the defendant, but more frequently in front of and *Page 241 
around it. It appeared that the defendant sold spirituous liquors in this shop, and persons passed in and out of it. It also appeared that there were two other shops for the sale of spirits in the same part of the town — one of them being opposite.
"Upon the subject of the defendant's responsibility for the nuisance, the court held that if it were caused by persons in his house, or by persons immediately in front of or otherwise adjacent to his house, who had been furnished by him with excess of liquor, and the disturbances were thus the probable and natural consequences of his, defendant's conduct, he was responsible; and instructions to this effect being given, there was a verdict of guilty, upon which judgment having been rendered, the defendant appealed to the Supreme Court."
There is no error. We concur with the judge in the court below, both in his conclusion and his reasoning.
PER CURIAM. Judgment affirmed.
(253)